IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA M. BUSH | * | |
|     Plaintiff, | | |
| v. | * | Civil Action Case No. RWT-11-1352 |
| U.S. JUDGE WILLIAMS | * | |
| U.S. DISTRICT COURT OF MARYLAND | | |
|     Defendants. | * | |

***

## **MEMORANDUM OPINION**

Plaintiff Barbara M. Bush ("Bush") continues on conditional release while her federal criminal charges are pending. *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.). This self-represented complaint, filed on May 16, 2011, raises damage claims under the Federal Tort Claims Act ("FTCA") or 28 U.S.C. § 2671 against Judge Alexander Williams Jr. and this court. Bush alleges that: (1) unspecified acts and omissions have taken place and her protections under 42 U.S.C. § 3602 have been breached throughout 1999-2011; (2) the oath to uphold duties under 42 U.S.C. § 3602 has not been "discharged faithfully and impartially;" (3) judicial disqualification in cases Bush filed should have occurred in light of bias arising from United States v. Bush, Criminal No. L-06-0202 (D. Md.); and (4) racial injustice and negligence has occurred in violation of the Civil Rights Act of 1964.

Bush has filed neither the civil filing fee of $350.00 nor requested a waiver of the filing fee. This omission is, however, of no moment. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007). If a party does

not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id. Nonetheless, "[a] document filed pro se is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); see also Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.") (internal quotations marks and citations omitted).

The Complaint filed by the self-represented Plaintiff is difficult to decipher and shall be generously interpreted. It would appear that Bush has issues with the "negligent" manner in which her claims have been determined over the past twelve years and accuses the court of bias and prejudice. She does not, however, explain what claims she is referencing except to state that relief has been denied under the Fair Housing Act or 42 U.S.C. § 3602, et seq.[1] Further, she provides no factual allegations supporting her claims of bias and prejudice.

Bush wishes to raise claims under the Federal Tort Claims Act ("FTCA"). Pursuant to 28 U.S.C. § 2679(d), any civil action or proceeding certified by the Attorney General to involve a defendant-employee acting within the scope of his office or employment at the time of the incident is deemed an action against the United States. See Iodice v. United States, 289 F.3d 270, n. 1 (4th Cir. 2002).

However, an FTCA action against a federal judge is barred by judicial immunity. 28 U.S.C. §

---

[1] Plaintiff makes reference to Bush v. Davis, et al., Civil Action No. AMD-09-2002. In that complaint, summarily dismissed without prejudice, Bush alleged that FHA violations occurred in regard to an accommodation for her disabilities and she should have been leased a first floor apartment. The complaint was dismissed for Bush's failure to discuss: how her alleged disabilities were communicated to named parties; whether

2

2674 of the FTCA provides in relevant part:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

Bush's FTCA claim is based on an indisputably meritless legal theory because federal judges are immune from "liability for damages for acts committed within their judicial jurisdiction." Imbler v. Pachtman, 424 U.S. 409, 419 (1976). The FTCA is a limited waiver of sovereign immunity, which makes the United States liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. See United States v. Orleans, 425 U.S. 807, 813 (1976). The United States, however, is liable "in the same manner and to the same extent as a private individual under like circumstances" under the FTCA only to the limited extent that it has waived its sovereign immunity. 28 U.S.C. §§ 1346(b) & 2674. Judge Williams was clearly acting within his "judicial jurisdiction" while presiding over Bush's cases and would be entitled to absolute judicial immunity. Because Judge Williams would be entitled to this absolute immunity, the United States, even if properly named as the Defendant in Bush's Complaint, would be immune from suit as well. See e.g., Tinsley v. Widener, 150 F.Supp.2d 7, 12 (D. D.C. 2001) (judicial immunity protects United States from FTCA suit).

Accordingly, the Court finds that Bush's FTCA claim is frivolous and fails to state a claim upon which any relief can be granted. In addition, Bush's Complaint must be dismissed pursuant to

---

an accommodation was refused outright; and how the named parties were involved in the alleged FHA violations.

28 U.S.C. § 1915A(b)(2) because she "seeks monetary relief from a defendant who is immune from such relief." Accordingly, the Court shall dismiss Bush's Complaint by separate Order.


Date: <u>May 31, 2011</u>                                             /s/
                                                   ROGER W. TITUS
                                            UNITED STATES DISTRICT JUDGE